UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CUSTOM MANUFACTURING AND FABRICATION, LLC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NUMBER: 1:19 CV 00285 ) |
| NAUTILUS INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) ) |

## OPINION AND ORDER

Before the Court are Defendant, Nautilus Insurance Company's ("Nautilus's") Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) [DE 8] and Request for Oral Argument [DE 10]. For the following reasons, the Motion to Dismiss will be DENIED as will the Request for Oral Argument.

## APPLICABLE STANDARD

Nautilus has moved to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely

1

reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Mindful of these standards, the Court turns now to the allegations in the Complaint.

## FACTUAL BACKGROUND

Nautilus issued a policy of commercial liability insurance (hereafter, "the Policy") to CMF for the time period of November 10, 2014 through November 10, 2015. (A copy of the Policy is attached as Exh. A to the Complaint). The Policy contains policy limits of $1,000,000 per occurrence and a $2,000,000 general aggregate. Section I of the Policy provides coverage for a Loss which is not otherwise excluded under any Policy Exclusions:

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies…

The Policy goes on to provide:

   b. This insurance applies to 'bodily injury' and 'property damage' only if:

      (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' as defined by the Policy.

      (2) The 'bodily injury' or 'property damage' occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, knew that the 'bodily injury' or 'property damage' had occurred, in whole or in part. If such a listed insured or authorized 'employee' knew prior to the policy period, that the 'bodily injury' or 'property damage' occurred, then any continuation, change, or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period.

(Complaint, DE 2, at ¶12, Exh. A at p. 27).

After an incident on June 30, 2015, CMF, along with others, was sued by Cincinnati Insurance Company ("Cincinnati") in the Court of Common of Montgomery County, Ohio, cause no. 2017-CB-02760 (the "Lawsuit"). (Complaint at ¶6). In the Lawsuit, Cincinnati generally alleged that CMF "was negligent and caused damages to a balemaster by dropping it from a forklift while unloading it at 4 Over Properties in Dayton, Ohio for Air Veyor ("the Loss")." (*Id.*at ¶7). More specifically, the complaint in the Lawsuit alleged:

> 7.  Advanced Design & Control builds and sells recycling equipment. On or about March 10, 2015, Advanced Design & Control, entered into a valid purchase agreement with Air Veyor for delivery and installation of a Balemaster E-810 at 4Over, Inc. located at 7801 Technology Drive, Dayton, Ohio 45424.
>
> 8.  Air Veyor, unbeknownst to Advanced, subsequently hired Custom to install the Balemaster at 4Over.
>
> 9.  On or about June 30, 2015, Custom dropped the Balemaster from a forklift, causing the Balemaster to roll onto its side on an asphalt surface. The Balemaster sustained damage resulting in a total loss.

(DE 8-1 at p. 3).[1]

---

[1] As a preliminary matter, the Court notes that Nautilus, in its Motion to Dismiss attached a copy of the complaint in the underlying Lawsuit. A court normally cannot consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). That being said, a court can consider documents attached to a motion to dismiss if they are: part of the pleadings referred to in the plaintiff's complaint; central to his claim; and properly authenticated (or authenticity is conceded). *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney*, 304 F.3d at 738-39; *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, the Complaint from the underlying Lawsuit is central to CMF's complaint against Nautilus in that CMF alleges that Nautilus has breached its contractual duty to defend it in this suit. Moreover, the undersigned may take judicial notice of matters in public records without converting the a 12(b)(6) motion into one for summary judgment. Therefore, the Court's consideration of the Complaint in the underlying Lawsuit does not convert the instant motion into one for summary judgment. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Prior to the Lawsuit being filed, CMF sought coverage under the terms of its Policy with Nautilus. Nautilus acknowledged it received notice of a claim from CMF via a reservation of rights letter dated July 21, 2015. On November 5, 2015, Nautilus sent a letter advising CMF of its determination that there was no coverage under the Policy for the claim due to a Policy exclusion. (Complaint at ¶16; Exh. A at p. 100). More specifically, Nautilus denied coverage based on a "care, custody, or control exclusion" in the Policy. That provision states, "This insurance does not apply to … 'Property damage' to: … (4) Personal property in the care, custody or control of the insured." (11/5/2015 letter, Exh. A at pp. 100-103). Nautilus asserted that because the balemaster was personal property within CMF's care, custody, or control, the Policy exclusion applied to deny coverage. (*Id.*).

Nevertheless, Nautilus continued to investigate and adjust the claim and on July 18, 2016 notified CMF of the completion of its investigation and denial of coverage. (*Id.* at ¶s 17, 18). Finally, on November 28, 2017, Nautilus, after receiving a copy of the Complaint in the underlying Ohio state court Lawsuit, issued another denial letter refusing to defend or indemnify CMF in that lawsuit. (Complaint, at ¶20; Exh. A at p. 110). Thereafter, CMF filed the present lawsuit in Indiana state court alleging breach of contract and bad faith against Nautilus, which, in turn, Nautilus subsequently removed to this Court.

In its Complaint, CMF asserts breach of contract based on the Policy's coverage provisions. It alleges: (1) it suffered a loss as that term is defined in the Policy; (Complaint at ¶s 9, 13); (2) "The Loss was 'property damage' caused by an 'occurrence' in the 'coverage territory' as defined by the Policy." (Complaint, at ¶13); and (3) CMF put Nautilus on notice of the Loss (*Id.* at ¶14).

## **DISCUSSION**

In its Motion to Dismiss, Nautilus asserts that there is no coverage under the Policy for the Loss suffered by CMF as a matter of law and thus, the Complaint must be dismissed. More specifically, Nautilus relies on an exclusion for "property damage" to "… (4) Personal property in the care, custody, or control of the insured" (Complaint, Exh. A at pp. 19 and 21), commonly known as a "care, custody or control exclusion." Nautilus argues that based on the allegations in the underlying suit, this exclusion clearly supports its denial of coverage and thus, as a matter of law, the Court should dismiss the Plaintiff's complaint.

In response, CMF argues that the Motion to Dismiss is premature. Essentially, CMF asserts that all it is required to do at this stage is make a plausible claim for relief under the Policy; it is not required to prove the existence of coverage at the pleading stage or negate exclusions. Moreover, because it has pled all the elements of a breach of the insurance contract, it believes the Motion should be denied.

In deciding issues of insurance coverage when the Court sits in diversity, the Court must apply Indiana law for contract interpretation. *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004) ("A federal court sitting in diversity has the obligation to apply the law of the state as it believes the highest court of the state would apply it if presented with the issue."). An insurance contract "is subject to the same rules of interpretation as are other contracts." *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) (citing *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 537–38 (Ind. 1997) ). As with other contracts, the interpretation of an insurance contract is a question of law. *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007). However, "the insured has the burden of proving that the coverage applies, and the insurer, if relying on an exclusion to deny coverage, has the burden of demonstrating that the

5

exclusion is applicable." *Bowman, Heintz, Boscia & Vician, P.C. v. Valiant Ins. Co.*, 35 F.Supp.3d 1015, 1023 (N.D. Ind. 2014) (citation omitted).

Here, there is no question that CMF's Complaint states a claim for relief under the coverage provisions of the Policy. The Complaint on its face sets forth the coverage provisions upon which it relies and contains the requisite short and plain statement of facts showing coverage under the Policy. That said, Nautilus asserts that there are also facts in the Complaint that likewise demonstrate the care, custody or control exclusion applies to preclude coverage. Specifically, Nautilus looks to ¶7 of CMF's Complaint which provides: "In the Lawsuit, Cincinnati alleged that Custom was negligent and caused damages to a balemaster by dropping it from a forklift while unloading it at 4Over Properties in Dayton, Ohio for Air Veyor." The inclusion of this paragraph in the Complaint, according to Nautilus, essentially pleads CMF out of court.

To further bolster its argument, Nautilus cites numerous cases from other jurisdictions involving an insured's negligence in the loading/unloading of a truck in the context of interpreting the "care, custody or control" exclusion. *See Torrington Co.. v. Aetna Casualty & Surety Co.,* 264 S.C. 636 (1975) (insured's care, custody, or control of a machine damage while being transferred by a crane subject to the exclusion); *Insurance Co. of North America v. Adkisson*, 121 Ill.App.3d 224 (1984) (transport and subsequent death of a stud bull in the insured's custody excludes coverage); *Madden v. Vitamilk Dairy, Inc.,* 59 Wash.2d 237 (1967) (damage to tanker trailer due to negligence of insured's employees subject to the care, custody, or control exclusion). Nautilus asserts that because ¶7 of the Complaint alleges that the damage to the balemaster was caused by Plaintiff while unloading the balemaster with a forklift, all of these cases demonstrate that the care, custody, or control exclusion in the Policy applies. It is also worth noting that none of the cases cited by Nautilus were decided at the pleadings stage.

Although the parties have not crafted the argument in this fashion, what is at stake is whether Nautilus has breached none, one, or both of the two main duties of insurers under Indiana law, i.e., the duty to defend its insured and the duty to indemnify. The duty to defend is broader than the duty to indemnify. *See Liberty Mut. Ins. Co. v. OSI Indus., Inc.,* 831 N.E.2d 192, 200 (Ind.Ct.App.2005), *trans. denied.* Here, CMF alleges breach of both these duties in its Complaint.

An insurer's duty to defend an action is examined based upon the allegations contained within the complaint against the insured, **as well as upon those facts known or ascertainable by the insurer after reasonable investigation**. *Newnam Mfg., Inc. v. Transcon. Ins. Co.,* 871 N.E.2d 396, 401 (Ind.Ct.App.2007), *trans. denied.* (emphasis added). "If the pleadings reveal that a claim is clearly excluded under the policy, then no defense is required." *Id.* Additionally, an insurer may go beyond the face of the complaint and refuse to defend based upon the factual underpinnings of the claims contained within the complaint. *Jim Barna Log Sys. Midwest, Inc. v. Gen. Cas. Ins. Co. of Wisconsin,* 791 N.E.2d 816, 823 (Ind.Ct.App.2003), *trans. denied.* If an insurer is aware of facts outside the pleadings that clearly disclose an absence of coverage, it can refuse to defend. *Id.* It is the nature of the claim, not its merits, that determines an insurer's duty to defend. *Id.*

Here, what Nautilus attempts is to use paragraph 7 of CMF's Complaint along with the allegations of the underlying Lawsuit to demonstrate to the Court that it has no obligation to defend or indemnify because in its view, those allegations clearly assert that the care, custody, or control exclusion applies. However, there are two problems with this assertion at this stage of the proceeding. First, Nautilus has cited to no Indiana authority that establishes the care, custody or control exclusion would apply here as a matter of law. And, perhaps more importantly, the facts as pled demonstrate that Nautilus denied coverage prior to the Lawsuit being filed and then

persisted in that denial after the filing of the Lawsuit. Thus, giving Nautilus the benefit of any doubt there existed, or there must have existed, facts known to Nautilus leading it to deny coverage in its November, 2015 letter to CMF and asserting the exclusion. Thus, under Indiana law, the burden falls on Nautilus to demonstrate application of the exclusion.

Simply put, the Court cannot determine on this sparse record and at this stage of the proceedings whether the exclusion applies or not and whether factual underpinnings of the claims contained in the Lawsuit would preclude coverage or the obligation to defend CMF. In fact, this Court has no facts or relevant Indiana law before it to make such a call at this stage. For this reason, the issues raised in Nautilus's Motion to Dismiss are better taken on by way of summary judgment after better development of the record. It may very well be that under Indiana law, the allegations in the Lawsuit are sufficient by themselves for an insured to deny coverage based on an exclusion. However, that is an issue to be resolved through the more traditional method on summary judgment, not in a 12(b)(6) motion.

## CONCLUSION

Based on the foregoing, Nautilus's Motion to Dismiss [DE 8] is DENIED. The Motion for Oral Argument [DE 10] is likewise DENIED.

Entered: This 6th day of January, 2020

s/ William C. Lee
United States District Court